UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
Kyle Donovan,
     Plaintiff,

V.

East Twelfth Street Tenants Housing
Development Fund Corporation
-------------------------------------------------X

**COMPLAINT**

Plaintiff Kyle Donovan, by and through his attorneys, Jones Law Firm, P.C. hereby alleges the following:

1. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendant East Twelfth Street Tenants Housing Development Fund Corporation ("Defendant") violated the Fourteenth Amendment to the United States Constitution. As detailed below, Defendant, a state actor, refused to consider Plaintiff's purchase of unit after Plaintiff entered into a contract to purchase a unit at 527 East 12th Street, New York, NY (the "Unit") along with the accompanying 250 shares in the corporation. Plaintiff hereby asserts that Defendant acted (1) in an arbitrary and capricious manner or, in the alternative, (2) on the basis of Plaintiff's race in violation of the Fourteenth Amendments.

**JURISDICTION AND VENUE**

2. 28 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343 confer jurisdiction on this Court.

3. Venue is proper in the District Court for Southern District of New York under 28

1

U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

4. This Court has authority to award attorneys' fees pursuant to 42 U.S.C. § 1988.

## PARTIES

5. Plaintiff is an African-American male who entered into a contract to purchase a unit at 527 East 12th Street, New York, NY (the "Unit").

6. Defendant is East Twelfth Street Tenants Housing Development Fund Corporation.

7. Non-party Iris Maasdamme ("Seller") is the owner of the Unit and the accompanying 250 shares of Defendant East Twelfth Street Tenants Housing Development Fund Corporation.

## FACTUAL ALLEGATIONS

7. Defendant is a Housing Development Fund Corporation ("HDFC").

8. An HDFC is a not-for-profit housing cooperative corporation under General Business Law § 352-eeee and Private Housing Finance Law Article XI, a status that creates a statutory exemption from the Rent Stabilization Law (Administrative Code of City of New York § 26-504 [a]; Rent Stabilization Code § 2520.11 [j], [l]).

8. HDFCs are a form of co-op housing intended for low- and moderate-income New Yorkers.

9. Many HDFCs date to the 1970s, when the city took over derelict buildings and then allowed tenants to buy them for a nominal fee and run them as co-ops.

2

10. The City of New York's Department of Housing Preservation and Development's ("HPD") does not sell properties to an HDFC at market price but instead at $250 per apartment.

11. In exchange for accepting income restrictions on shareholders for the duration of a regulatory agreement with HPD, the City offers the coop, among other benefits, a partial reduction in property taxes.

12. The government is so entwined with the creation and maintenance of HDFCs such that HDFCs are state actors and restricted as such by the Constitution of the United States including the prohibitions against conduct that is arbitrary and capricious or on the basis of invidious race discrimination.

13. Plaintiff and Seller agreed for Plaintiff to purchase and Seller to sell the Unit for $300,000. Plaintiff agreed to pay for the Unit with all cash.

14. A true and accurate copy of this contract, executed on May 11, 2018, is attached as Exhibit 1 to this Complaint.

15. Plaintiff's income satisfied the income restrictions for the purchase of a unit in this HDFC.

16. On June 9, 2018, Donovan submitted a finalized application to purchase 527 East 12th Street #MW, New York, NY 10009.

17. Less than ten days later, the Board denied Plaintiff's application without offering a reason on June 18, 2018. The Board also declined to interview Plaintiff or otherwise consider him.

18. On July 5, 2018, counsel for Plaintiff sent a demand letter to the Board of the HDFC requesting that the Board reverse its decision as the denial had been made without any state reason or inquiry.

19. Plaintiff's broker was subsequently told that the Board did not like what it "saw" when it ran a search of Plaintiff's name on www.google.com

20. When a search for Plaintiff's name is done on Google, images of Plaintiff show him to be an African-American man.

21. After the denial of Plaintiff's application, the Unit continued to be listed for sale.

22. The Board has entirely failed to present to Plaintiff a nondiscriminatory reason, or indeed any reason, for refusing to consider Plaintiff's application.

## **FIRST CLAIM**

23. The Fourteenth Amendment to the United States Constitution prohibits government actors from acting in an arbitrary and capricious manner.

24. Defendant's denial of Plaintiff's application without interviewing him or otherwise giving any due consideration to his application based on what was seen from a Google search, and otherwise not providing any stated reason for the refusal to consider his purchase of the Unit, is arbitrary and capricious.

25. Plaintiff has been damaged by Defendant's conduct and will be irrevocably damaged unless this Court enters an injunction, including a temporary restraining order, prohibiting the sale of the Unit to a purchaser other than Plaintiff.

## SECOND CLAIM

26. The Fourteenth Amendment to the United States Constitution prohibits government actors from acting on the basis of race unless such action can survive the strictest scrutiny.

27. Defendant's denial of Plaintiff's application without even interviewing him or otherwise considering his application based on what was seen from a Google search, including images that clearly show him to be an African-American man, and otherwise not providing any stated reason for the refusal to consider his purchase of the Unit, and then keeping the Unit open for sale, establishes a prima facie case of invidious racial discrimination.

28. Defendant has refused to provide any nondiscriminatory reason for the refusal to consider Plaintiff's application.

29. Plaintiff has been damaged by Defendant's conduct based on race and will be irrevocably damaged unless this Court enters an injunction, including a temporary restraining order, prohibiting the sale of the property to a purchaser other than Plaintiff.

## DEMAND FOR JURY

30. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request that this Court:

A. Enter a declaratory judgment pursuant to 28 U.S. Code § 2201 that Defendant violated the Constitution;

B.   Enjoin Defendant from acting in an arbitrary and capricious manner or acting on the basis of invidious race discrimination in the sale of the Unit;

C.   Award Plaintiff compensatory damages for the harm caused by Defendant's unlawful conduct;

D.   Award Plaintiff reasonable fees, costs, and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1988; and

E   Award such additional relief as the interests of justice may require.

DATED: July 31, 2018

Respectfully Submitted,
/s/ *Bryce Jones*
T. Bryce Jones
Jones Law Firm, P.C.
43 W 43rd Street. Suite 180
New York, NY 10151
(646) 820-2083
bryce@joneslawfirm.com

Counsel for Plaintiff Kyle Donovan

# VERIFICATION

Kyle Donovan, being duly sworn, deposes and says:

    I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matter, I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous.

_____
Kyle Donovan
Plaintiff

Carolyn F Webb
Notary Public
New Jersey
My Commission Expires 4-17-2023
No. 50080741

Sworn to before me this 2nd day
of August, 2018.

_____ 8-2-2018
Signature of Notary Public