
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| KYLE DONOVAN,<br><br>    Plaintiff,<br><br>-against-<br><br>EAST TWELFTH STREET HOUSING DEVELOPMENT FUND COPORATION,<br><br>    Defendant. | 18 Civ. 06950 |

# MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Michael Schwartz
M. Schwartz Law, P.C.
330 West 38th Street, Suite 1204
New York, New York 10018
(212) 966-7439
michael@michaelschwartzesq.com
Counsel for Defendant
East Twelfth Street Tenants Housing
Development Fund Corporation

## I. BACKGROUND AND FACTS

This memorandum is submitted in opposition to plaintiff Kyle Donovan's ("Donovan") motion seeking the issuance of a temporary restraining order enjoining and restraining defendant East Twelfth Street Housing Development Fund Corporation (the "HDFC") from approving of any sale of Apartment MW located at 527 East 12th Street, New York, New York 10009 (the "Apartment") pending a hearing on plaintiff Donovan's forthcoming motion for a preliminary injunction.

Defendant HDFC is a housing company organized and operating pursuant to Article XI of the Private Housing Finance Law of the State of New York (the "PHFL") (Annexed hereto as Exhibit A is a copy of the HDFC's Certificate of Incorporation). The HDFC was incorporated in calendar year 1983. The buildings comprising the premises were deeded to the HDFC by the City of New York, acting through the New York City Department of Housing Preservation and Development ("HPD"), on or about February 1983. HPD does not have any ownership interest with respect to the HDFC as the building was deeded to the HDFC and the tenants that were then in occupancy purchased the shares appurtenant to their respective apartments on or about the same date. HPD does maintain any presence on the grounds owned and operated by the HDFC.

The HDFC is the owner and cooperative landlord of the Apartment. The HDFC's governing corporate documents include the above referenced Certificate of Incorporation, Corporate By-laws and Proprietary Lease Agreements that are issued to every tenant-shareholder (Annexed hereto as Exhibit B and Exhibit C, respectively, are copies of the HDFC's By-laws and form Proprietary Lease Agreement). There is no Offering Plan for the HDFC as the Attorney General of the State of New York issued a "no action" letter

prior to its incorporation. The HDFC is governed by a Board of Directors (the "Board") that is elected on an annual basis by the shareholders of the HDFC. The Board of the HDFC is comprised solely of shareholders. HPD does not have any representative on the Board and HPD does not have any authority and/or control over the actions of the Board. The Board has complete independence from HPD when it comes to making decisions over whether to approve applicants to purchase units within the buildings owned by the HDFC. The Board is only required, as every other cooperative corporation, to act in accordance with its governing corporate documents.

## II.     PLAINTIFF'S ALLEGATIONS

A preliminary injunction requires it's proponent to show: (1) "a likelihood of success on the merits or … sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) a likelihood of "irreparable injury in the absence of an injunction"; (3) that the balance of the hardships tips in the plaintiff's favor"; and (4) that the "public interest would not be disserved." *See Benihana, Inc. v. Benihana of Tokyo, LLC,* 784 F.3d 887, 894-95 (2d Cir. 2015)  The crux of plaintiff Donovan's allegations is that housing development fund corporations are so intertwined with state government that, in denying plaintiff Donovan's application, defendant HDFC was acting under the color of state law and is subject to 42 U.S.C. 1983. For the reasons set forth hereinbelow, this argument must fail.

### A.     Plaintiff Cannot Demonstrate a Likelihood of Success on the Merits

Plaintiff has failed to demonstrate that there is a probability of prevailing on the merits that is greater than fifty percent or that there are sufficiently serious questions

going to the merits to make them a fair ground for litigation and that the balance of hardships tips decidedly in plaintiff's favor.

In support of his claim for injunctive relief, plaintiff alleges the following: that plaintiff Donovan executed a contract with the seller of the Apartment; that plaintiff Donovan is an African-American male; that plaintiff Donovan agreed to pay cash for the Apartment; that plaintiff Donovan submitted an application for the purchase of the Apartment to defendant HDFC; that defendant HDFC failed to review plaintiff's Donovan's application, interview plaintiff Donovan or provide a reason for denying plaintiff Donovan's application; and that plaintiff Donovan's real estate broker was told by the seller's real estate broker that the defendant HDFC rejected plaintiff Donovan's application after conducting a search using google.com. Plaintiff Donovan then jumps to the conclusion that this purported search revealed that plaintiff was an African American male and that this is the reason that defendant HDFC denied plaintiff's application. In order to fit plaintiff's claims within the ambit of 42 U.S.C. 1983, plaintiff Donovan also alleges that defendant HDFC is a state actor and/or was acting under color of state law in rejecting plaintiff Donovan's application. Of note is the fact that plaintiff Donovan has offered this Court no federal case citations in support of this claim. Rather, plaintiff Donovan has rested his argument that the defendant HDFC is a State actor on a New York State Appellate Court decision and various New York City Civil Court decisions, i.e. landlord-tenant court.

### i. Defendant is not a State Actor

Plaintiff Donovan's allegation that defendant HDFC is a state actor or has acted under color of state law is completely devoid of any merit. In *Young v. Halle Housing*

*Associates, L.P.*, 152 F. Supp. 2d 355 (S.D.N.Y. 2001), the court specifically addressed the applicability of 42 U.S.C. to a housing corporation that was subject to extensive government regulation and that benefited extensively from government funding, the issue that has been presented by plaintiff Donovan in the instant action. In *Young*, the Court, citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974), held that there could be no finding of state action where the defendant State Municipality did not know of and/or approve of the actions of the defendant apartment corporation or where the State Municipality did not compel or influence the behavior of the defendant apartment corporation by the regulatory scheme under which it was governed. The *Young* Court further held that the provision of low income housing was not state action because the provision of low cost housing was not in the exclusive control of the State and was not a power "exclusively associated with sovereignty" and which was delegated to a private actor.

As set forth hereinabove, third party HPD has no authority over the Board of defendant HDFC in accepting or rejecting applicants. HPD does not have a representative on the Board of defendant HDFC and, therefore, has absolutely no knowledge with respect to the actions taken by defendant HDFC. The Board of the HDFC made a completely autonomous decision with respect to the rejection of plaintiff Donovan in the purchase of the Apartment. There is absolutely no cognizant argument that can be made that defendant HDFC is a state actor that is subject to 42 U.S.C. 1983.

In an attempt to advance the argument that the defendant HDFC is a state actor within the ambit of 42 U.S.C. 1983, plaintiff Donovan relies heavily upon *512 East 11th Street HDFC v. Grimmet*, 181 A.D.2d 488 (1st Dept. 1992). Annexed hereto as Exhibit D

is a copy of the decision. This reliance is without merit. The *Grimmet* decision stands for the proposition that post-conversion tenants in housing development fund corporations (cooperatives) are not entitled to the protections of the Rent Stabilization law. The *Grimmet* decision also stands for the proposition that month to month tenants in HDFC cooperatives are entitled to a reason for any proposed eviction even if said tenants have no lease agreement. I note that the decision cites provisions of 512 East 11th Street HDFC's Certificate of Incorporation that are not present in defendant HDFC's Certificate of Incorporation, i.e. defendant HDFC does not need the permission of HPD to evict a tenant or to reject an applicant for admission to the cooperative. Grimmet is inapplicable to this matter for the reasons stated in the *Young* decision. Plaintiff Donovan also relies upon a 2014 article from the New York Times, writhe with generalities regarding housing development fund corporations and an unpublished landlord-tenant case, *601 West 136th Street v. Olivares*, 2014 NY Slip. Op. 31474, P.2 (Civ. Ct. NY County 2014) to advance the proposition that defendant HDFC is a state actor and/or acting under color of state law. Even if this Court takes *Olivares* on its face, the fact pattern presented in that proceeding is completely divergent from the fact pattern of the instant action. Furthermore, even if these decisions do stand for the propositions of law that plaintiff Donovan is advancing, they are clearly not binding on this Court. For these reasons, the complaint underlying this action must fail as a matter of law.

    **ii.**    **Cooperatives Do Not Have to Offer Reasons for Rejecting an Applicant**

There is no dispute that defendant HDFC denied plaintiff's "finalized, detailed application". There is also no dispute that defendant HDFC did not provide a reason for the denial of plaintiff Donovan's application. However, conspicuously absent from

plaintiff Donovan's Memorandum of Law are **any** cases, city, state or federal and/or city, state and/or federal statues, rules, laws or regulation that require cooperatives to offer a reason for denying an application.

### iii. No Basis for Claim of Discrimination

Even more troubling is the fact that plaintiff Donovan's counsel makes bald assertions regarding purported racial discrimination by the HDFC without any affidavits from persons with first-hand knowledge of anything alleged by plaintiff. In fact, the only basis provided by plaintiff with respect to his allegations of discrimination is the following: Plaintiff's broker was subsequently told by his broker that the Board did not "like" what it saw when it ran a search of plaintiff's name on www.google.com. When a search for plaintiff's name is done via google, images of Plaintiff show him to be an African-American male. *See* Page 4 of plaintiff's Memorandum of Law.

First, there are no affidavits attached to plaintiff's moving papers to substantiate any of the claims of discrimination made by plaintiff. Conversely, annexed hereto as Exhibit E of defendant HDFC's moving papers is an affidavit from Board Member, Makini Velasquez which sets forth the diverse ethnic, racial and cultural composition of the shareholders and renters who comprise the HDFC. Moreover, even assuming, *in arguendo*, that defendant HDFC did conduct a search of plaintiff Donovan on the internet, it is a leap to make any claims of discrimination based upon such a search.

Finally, plaintiff provides no evidence whatsoever that the Board of the defendant HDFC failed to consider plaintiff Donovan's application and/or that the application was considered but was denied because of plaintiff's race. Plaintiff's allegations are completely frivolous in all respects. When there is no evidence that supports the

allegations made in a motion, the relief requested in the motion should not be granted. *Johnson v. Burge et al.* (2nd Cir. 2012).

### iv. No Prima Facie Showing of Discrimination

Plaintiff has failed to establish a prima facie showing of discrimination. There is no evidence in the record that establishes defendant HDFC conducted an internet search and made a finding with respect to plaintiff's race and/or ethnicity. Further, although counsel refers to alleged statements made by real estate brokers regarding this purported internet search, there are no affidavits attached to plaintiff's moving papers attesting to these facts. Additionally, agreeing to pay all cash for a unit does not make you a person qualified to purchase said unit. As noted by plaintiff throughout his motion papers, there are income restrictions for potential shareholders in defendant HDFC. Plaintiff cannot demonstrate that he was qualified to purchase an income restricted apartment without, at the very least, annexing a copy of his application to his moving papers. Moreover, plaintiff has not offered any evidence that defendant HDFC failed to consider his application. Finally, defendant HDFC is under no legal obligation to proffer a reason for the denial of an applicant. For these reasons, plaintiff has failed to show a likelihood of success on the merits.

### B.     No Danger of Irreparable Injury

First, it should be noted that plaintiff Donovan repeatedly refers to shares in a corporation as real property when such shares are not real property. However, even if this Court were to treat shares in a cooperative corporation as real property, plaintiff has failed to demonstrate that he will suffer irreparable injury should this Court fail to grant plaintiff Donovan's request for preliminary relief. Neither plaintiff, nor plaintiff's

counsel, have offered any evidence or specifics with respect to this cooperative unit and its uniqueness and/or that any loss of this unit cannot be compensated by money damages. In fact, the underlying complaint seeks only money damages. This in and of itself is proof that plaintiff will be able to be compensated by money damages should he prevail on the merits of the underlying complaint. Accordingly, there is no basis for the argument that any injury cannot be compensated by money damages. Finally, while plaintiff Donovan is seeking an injunction barring the HDFC from taking any action with respect to the of sale subject Apartment, plaintiff is not seeking specific performance or a declaratory judgment with respect to the Apartment. There is no need for the injunction plaintiff is seeking because it is inapposite to the ultimate relief plaintiff is seeking, money damages and not the apartment. I also note that any injunction issued by this court would adversely affect the owner of the subject Apartment when said owner has not had any opportunity to be heard. Accordingly, there is no danger of irreparable injury.

### C. The Balance of Hardships tips in Defendant's Favor and the Public Interest Favors Defendant

The potential hardship faced by the Defendant if the requested limited injunction were issued would be great, lengthy and not tailored to the issues presented in plaintiff Donovan's complaint. The building which has a function to operate and provide affordable housing would be unable to authorize the transfer of shares and assign a stock and lease to an incoming shareholder for the apartment at issue in this litigation. This presents a hardship to the defendant HDFC by virtue of the fact that it is dependent upon the collection of a flip tax upon the sale of any unit. Then collection of this flip tax is of great importance as it allows the defendant HDFC to maintain the rents and maintenances

affordable for its shareholders. The process by which the HDFC determines and approves the sale of apartments is essential to its function as a corporation and any injunction would hamper and severely restrict the HDFC's ability to effectively operate and perform its functions. The HDFC is entitled to screen and approve persons who wish to become members of the corporation.

The public interest is served by safeguarding the integrity and rights that cooperative boards possess in approving and denying potential buyers and performing the board's essential functions. When a party to litigation makes unsubstantiated claims and those claims are then used as a means of preventing a proper board function, the public interest is not well served. In fact, any injunction would limit the seller's ability to sell the subject Apartment to a low income individual and/or individuals. For these reasons the equities weigh heavily in favor of defendant HDFC and the public interest would be better served if an injunction did not issue.

### III. PLAINTIFF SHOULD POST BOND IF RELIEF IS GRANTED

It is respectfully submitted that plaintiff Donovan be required to immediately post bond should this Court grant plaintiff's request for preliminary relief. Contrary to plaintiff's assertion, defendant HDFC will suffer injury should a bond not be ordered. In this respect, if the HDFC is precluded from entertaining additional applications, it will be precluded from collecting a flip tax from the sale of the unit. The flip tax is calculated at 20% of the profit realized from the sale. While plaintiff claims that no harm will accrue to the defendant should a bond not issue, he fails to address the fact that plaintiff's

underlying Complaint does not seek a declaratory judgment or any affirmative request that the Court order a sale of the unit.

IV. CONCLUSION

Defendant HDFC is not a state actor. Further, plaintiff has failed to demonstrate a likelihood of success on the merits; a danger of irreparable injury that cannot be compensated by money damages; that the balance of the equities weigh in favor of plaintiff; and/or that the public interest will be served by the issuance of an injunction. For these reasons, it is respectfully requested that plaintiff's request for injunctive relief be denied in its entirety.

DATED: August 14, 2018

_____
Michael Schwartz
M. Schwartz Law, P.C.
330 West 38th Street, Suite 1204
New York, New York 10018
(212) 966-7439
michael@michaelschwartzesq.com
Counsel for Defendant
East Twelfth Street Tenants Housing
Development Fund Corporation