EXHIBIT D

# 512 East 11th Street HDFC, Respondent,
v.
## Carl Grimmet, Appellant

**Appellate Division of the Supreme Court of the State of New York, First Department.**

March 10, 1992

Concur — Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.

In this holdover proceeding, commenced on or about October 26, 1988, petitioner-landlord, 512 East 11th Street HDFC ("landlord"), seeks to recover the subject premises, Apartment 2D of 512 East 11th Street, New York, New York, from respondent-tenant, Carl Grimmet ("tenant"), on the ground that it is occupied pursuant to a month-to-month tenancy, for which the landlord has served a 30-day Notice to Terminate. Tenant moved to dismiss the proceeding in the Civil Court, arguing that his is a rent-stabilized tenancy and, as such, can only be terminated on grounds specified in Rent Stabilization Code (9 NYCRR) § 2524.3.

The subject building, 512 East 11th Street, was previously owned by the City of New York, and managed by the tenants through the Tenants Interim Lease (TIL) program. In July 1982, the building was converted to a not-for-profit housing cooperative corporation under General Business Law § 352-eeee and Private Housing Finance Law article XI. We are in agreement with the Appellate Term that this status created a statutory exemption from the Rent Stabilization Law (Administrative Code of City of New York § 26-504 [a]; Rent Stabilization *489 Code § 2520.11 [j], [l]; *Jerome Ave. Hous. Dev. Fund Corp. v King,* 147 Misc 2d 162). Such an exemption is not subject to waiver or equitable estoppel (*see, Wilson v One Ten Duane St. Realty Co.,* 123 AD2d 198, 200).

Our examination of this record leads us to conclude, however, that dismissal of the petition is warranted on the separate ground that the government is sufficiently "`entwined'" with the subject premises so as to trigger constitutional due process protections requiring notice of the reasons for an eviction (*157 W. 123rd St. Tenants Assn. v Hickson,* 142 Misc 2d 984, 985, quoting *Sharrock v Dell Buick-Cadillac,* 45 N.Y.2d 152, 158). We note, for example, that the landlord's certificate of incorporation, which states its purpose as "exclusively for the * * * develop[ment of] a housing project for persons of low income", imposes various restrictions on the use, sale, and transfer of shares of the housing project, and mandates that it provide housing pursuant to the definition of low income families contained in Private Housing Finance Law, article XI, § 576. The property may not be sold or otherwise disposed of without prior written approval of the Commissioner of Housing Preservation and Development, and the City's approval must be obtained before a tenant may be evicted. In short, the conduct of this Housing Development Fund Cooperative is not private, since its very purpose is to meet the governmental concern of housing the poor, and the City retains a right of reversion in the event the landlord fails to abide by the terms and conditions placed upon the property and its use (*see, Matter of Fuller v Urstadt,* 28 N.Y.2d 315, 318). As noted in *157 W. 123rd St. Tenants Assn. v Hickson* (*supra,* at 985): "While the TIL program is transitory in nature, the city oversees petitioner's activities and operation, monitors its building management skills, sets initial rents and approves subsequent rent increases, and must approve the commencement of holdover proceedings. Thus, the city is so `entwined' with the conduct of the program as to constitute significant and meaningful governmental participation, triggering constitutional due process guarantees (*see generally, Sharrock v Dell Buick-Cadillac,* 45 N.Y.2d 152, 158). One of those guarantees is that a tenant is entitled to notice of the alleged cause for eviction and procedural due process in the determination of whether cause exists. `Eviction * * * requires a cause other than mere expiration of the lease' (*Hudsonview Terrace v Maury,* 100 Misc 2d 331, 332 [App Term, 1st Dept]). Since petitioner did not allege any cause for removal of the tenant, the petition was properly dismissed."

*490Accordingly, the order of the Appellate Term is reversed, and respondent-tenant's motion to dismiss the petition is granted on the ground that the landlord failed to provide constitutionally-mandated notice of basis for eviction.

Save trees - read court opinions online on Google Scholar.