UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kyle Donovan,<br><br>       Plaintiff,<br><br>            v.<br><br>East Twelfth Street Tenants Housing Development Fund Corporation,<br><br>       Defendant. | Case No. 1:18-cv-06950 |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Kyle Donovan, by and through his attorneys, Jones Law Firm, P.C., hereby respectfully submits this memorandum of law in opposition to Defendant's Motion to Dismiss the Verified Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

**BACKGROUND**

On August 2, 2018, Plaintiff filed its Verified Complaint in this matter against Defendant. In it, Plaintiff asserts that Defendant unlawfully discriminated against him, in violation of the Fourteenth Amendment, when it refused to consider Plaintiff's purchase of a unit at 527 East 12th Street, New York, NY along with the accompanying 250 shares in the corporation. Plaintiff, an African-American male, had already entered into a purchasing agreement with the seller when Defendant denied his application.

Defendant is a not-for-profit housing cooperative corporation under General Business Law § 352-eeee and Private Housing Finance Law Article XI. This status

creates a statutory exemption from the Rent Stabilization Law (Administrative Code of City of New York § 26-504 [a]; Rent Stabilization Code § 2520.11 [j], [l]). As an HDFC, Defendant is a form of co-op housing intended for low-and moderate-income New Yorkers.

On May 11, 2018, Plaintiff entered into a contract with the non-party seller to purchase a housing unit and 250 shares in the corporation for $300,000. Plaintiff agreed to pay for the unit with all cash and Plaintiff's income satisfied the income restricts for the purchase of a unit in this HDFC. However, despite these qualifications, on June 18, 2018, Plaintiff's application to purchase the unit was denied without an offer to interview him or without a reason for his rejection. Through a response to a demand letter sent by Plaintiff's counsel, Plaintiff was eventually told that the Board did not like what it "saw" when it ran a search of Plaintiff's name on www.google.com. When a search for Plaintiff's name is done via Google, images of Plaintiff show him to be an African-American man. After the denial of Plaintiff's application, the unit continued to be listed for sale. Defendant has yet to present a nondiscriminatory reason, or indeed any reason, for refusing to consider Plaintiff's application or even interview him.

Defendant's denial of Plaintiff's application without interviewing him or otherwise giving any due consideration to his application based on what was seen from a Google search, is the definition of arbitrary and capricious. Defendant's behavior also establishes a prima facie case of invidious racial discrimination.

**LEGAL STANDARD**

When considering motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), a court "must accept as true all material factual allegations in

the complaint" and jurisdiction must be shown affirmatively. *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 716 (S.D.N.Y. 2005).

## ARGUMENT

**A.     Defendant's Status as a State Actor is Sufficient to Establish Subject Matter Jurisdiction**

New York law has held that the nature of the relationship between HDFC and the government is so entwined that HDFCs constitute state actors, and as such trigger constitutional protections. *See, e.g., 512 E. 11th St. HDFC v Grimmet*, 181 A.D.2d 488 (1st Dept 1992), appeal dismissed 80 N.Y.2d 892 (1992) (leading case establishing that constitutional protections apply). Like the instant action, the subject building in *Grimmet* was previously owned by the City of New York and converted to not-for-profit housing under General Business Law § 352-eeee and Private Housing Law article XI. *Id*. at 488. Furthermore, Defendant is similarly subject to government restrictions regarding the use, sale, and transfer of shares. *See, id.*, at 489. As a Housing Development Fund Corporation ("HDFC"), Defendant derives a key benefit from its arrangement with the City, in that in exchange for accepting income restricts on purchasers and shareholders HDFCs receive a reduction in their property taxes. As such, Plaintiff is similarly due the constitutional protection afforded to the Plaintiff in the *Grimmet* case.

The Fourteenth Amendment prohibits state actors from discriminating against individuals in an arbitrary and capricious manner. *See Gelb v. Board of Elections of New York*, 224 F.3d 149, 157 (2d Cir. 2000) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). Plaintiff maintains that Defendant failed to provide a legitimate reason for denying his application, declining to interview him or otherwise consider him despite his qualifications.

B.     **Defendant is Not Entitled to Attorney's Fees and Costs**

Defendant goes on to improperly request that the Court effectively sanction Plaintiff and award attorney's fees and cost in the amount of $25,000 on the grounds that there were allegedly no facts to substantiate plaintiff's claims, therefore making the action "frivolous, unreasonable, and without foundation." Defendant's argument wholly disregards the well-pled facts detailed in the Verified Complaint.

Plaintiff is an African-American male, a member of a protected class, who entered into an agreement to purchase a unit within Defendant's co-op. Despite having executed an agreement, satisfied the income restrictions, and agreeing to pay for the Unit in all cash, Plaintiff's application was summarily denied. Only after receiving a demand letter from Plaintiff's counsel, did Defendant attempt to proffer an explanation for its decision. And in doing so, Defendant only further bolstered Plaintiff's allegations that his application was denied on the basis of his race. Defendant's argument fails to address any of these factual allegations, nor does it provide a non-discriminatory explanation negating Plaintiff's claims. As such, Defendant's request for costs and attorney's fees should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Defendant's Motion to Dismiss be denied.

Dated: November 28, 2018

                                      Respectfully submitted,

                                      <u>/s/ Bryce Jones</u>
                                      T. Bryce Jones, Esq.
                                      **Jones Law Firm, P.C.**
                                      450 7th Avenue, Suite 1408
                                      New York, NY 10123
                                      (212) 258-0685
                                      bryce@joneslawnyc.com
                                      *Counsel for Plaintiff*