Index No. 18-CV-6950

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE DONOVAN,

Plaintiff,

-against-

EAST TWELFTH STREET TENANTS
HOUSING DEVELOPMENT FUND CORPORATION,

Defendant.

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS COMPLAINT

BRAVERMAN GREENSPUN, P.C.
Attorneys for *Defendant*
110 East 42nd Street, 17th Floor
New York, New York 10017
Tel: (212) 682-2900

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1
ARGUMENT ......................................................................................................................... 2
POINT I: THE DEFENDANT, A PRIVATE COOPERATIVE CORPORATION, IS NOT A STATE ACTOR, REQUIRING DISMISSAL OF THE COMPLAINT ........................................ 2
POINT II: REASONABLE ATTORNEYS' FEES SHOULD BE AWARDED ........................... 5
CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*512 East 11th Street HDFC v. Grimmet*,
    181 A.D.2d 488 (1st Dept. 1992) .................................................................................... 3

*Blum v. Yaretsky*,
    457 U.S. 991 (1982) ......................................................................................................... 3

*Cabrera v. Jakabovitz*,
    24 F.3d 372 (2d Cir.1994) ............................................................................................... 5

*Cranley v. Nat'l Life Ins. Co. of Vt.*,
    318 F.3d 105 (2d Cir. 2003) ............................................................................................ 2

*Fabrikant v. French*,
    691 F.3d 193 (2d Cir. 2012) ............................................................................................ 2

*Green v. Torres*,
    361 F.3d 96 (2d Cir. 2004) .............................................................................................. 5

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ......................................................................................................... 5

*Sybalski v. Indep. Grp. Home Living Program, Inc.*,
    546 F.3d 255 (2d Cir. 2008) ............................................................................................ 2

*Wiesner v. 321 W. 16th St. Assocs.*,
    2000 WL 1191075, *9 (S.D.N.Y. 2000) ......................................................................... 3

*Young v. Halle Housing Associates, L.P.*,
    152 F.Supp.2d 355 (S.D.N.Y. 2001) ........................................................................... 1, 3

**Statutes**

42 U.S.C. §1983 ..................................................................................................................... 5

42 U.S.C. §1988(b) ................................................................................................................ 5

F.R.C.P. 12(b)(1) ................................................................................................................... 1

F.R.C.P. 65(b) ....................................................................................................................... 1

## **PRELIMINARY STATEMENT**

This memorandum of law in submitted in further support of defendant East Twelfth Street Tenants Housing Development Fund Corporation's (the "Defendant") motion, brought pursuant to F.R.C.P. 12(b)(1), to dismiss Plaintiff's complaint (the "Complaint").

As set forth in the moving papers, the Complaint contains two causes of action, both of which are premised under the theory that the Defendant is a state actor and that, as such, Defendant's rejection of Plaintiff's application to purchase shares in the cooperative is a violation of the Fourteenth Amendment of the United States Constitution. *See*, Exhibit "A". Based on this theory, the first cause of action seeks injunctive relief to prohibit the sale of the subject apartment to anyone other than the Plaintiff, and the second cause of action seeks compensatory damages.

Upon filing and serving the Complaint, Plaintiff moved for interim injunctive relief pursuant to F.R.C.P. 65(b). That motion was heard by this Court on August 28, 2018, and on that date, the Court issued an order (the "Order") denying Plaintiff's motion, holding that the Fourteenth Amendment does not apply to Defendant as it is not a State actor. Specifically, the Court, relying on *Young v. Halle Housing Associates, L.P.*, 152 F.Supp.2d 355, 362 (S.D.N.Y. 2001), held that "plaintiff has not established that defendant's actions are fairly attributable to the state. *See*, Exhibit "D" at p. 9.

Thereafter Defendant, by letter dated September 27, 2018 (Docket No. 19), requested permission to move to dismiss the Complaint. The application, which was not opposed, was granted by this Court's Order dated October 19, 2018 (Docket No. 21).

As was set forth in the moving papers, and as set forth below, the Complaint must be dismissed as the Defendant is not a State actor and, as a result, is not subject to the Fourteenth Amendment.

1

4839-2038-4386, v. 1

## ARGUMENT

## POINT I

### THE DEFENDANT, A PRIVATE COOPERATIVE CORPORATION, IS NOT A STATE ACTOR, REQUIRING DISMISSAL OF THE COMPLAINT

Plaintiff's entire action is premised on the theory that Defendant, a private cooperative corporation, is a State actor against whom the Fourteenth Amendment of the United States Constitution would apply. The weight of authority in this Court conclusively demonstrates otherwise.

Conduct by a private actor may be considered state action only in certain circumstances. *Fabrikant v. French*, 691 F.3d 193, 206-7 (2d Cir. 2012). A private actor's "creation, funding, licensing, or regulation by the government" is insufficient to attribute its conduct to the state. In order for that to happen, "there must be such a close nexus between the state and challenged action" that the state is "responsible for the specific conduct" at issue. *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111-12 (2d Cir. 2003).

Specifically, the actions of a "nominally private entity are attributable to the state when:" (1) the entity's acts are coerced by the state; (2) the entity is encouraged by, is a willful participant in a joint activity with, or is otherwise "entwined" with the state; or (3) when the entity "has been delegated a public function by the state." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008).

Here, the Complaint alleges no such coordination between the Defendant and the state. Specifically, the only specific allegations in the Complaint are that the Co-op is incorporated under State Law (*see*, Exhibit "A" at ¶8); and that New York City offered the Defendant a partial reduction in income taxes (*see*, Exhibit "A" at ¶11). The Complaint also generally provides that similar cooperatives were created when New York City took over derelict buildings

2

and sold the apartments therein for $250.00 each. *See*, Exhibit "A" at ¶¶9-10. These general allegations are not attributed to the Defendant, but rather are general statements about similar cooperatives.

These allegations are insufficient to attribute state action to the Defendant, a private corporation. *See*, *Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 364-64 (S.D.N.Y. 2001) (finding that a housing provider does not act under color of state law even though it receives significant government funding, complies with regulatory requirements, and performs a public function); *Wiesner v. 321 W. 16th St. Assocs.*, 2000 WL 1191075, *9 (S.D.N.Y. 2000) (finding "no authority" that state regulations like rent control and rent stabilization laws render a private landlord who is subject to those laws a state actor).

Here, Plaintiff has plead no facts that the challenged decision to reject his application "was either compelled or influenced by the regulatory scheme under which [Defendant] operated." *Young*, *supra* 152 F. Supp. 2d at 364; *Blum v. Yaretsky*, 457 U.S. 991, 1004-5 (1982) (finding that state acquiescence in private conduct does not render that conduct state action).

Plaintiff's sole authority on the issue is *512 East 11th Street HDFC v. Grimmet*, 181 A.D.2d 488 (1st Dept. 1992). However, as this Court already noted in the Order denying injunctive relief, this case is not only contrary to the weight of Federal authority, but it is distinguishable on the facts.

*Grimmet* mostly stands for the proposition that there must be just cause to evict a tenant who came into possession of an apartment in the subject cooperative after its conversion to cooperative form based on a finding that the government was sufficiently intertwined with the cooperative so as to trigger due process considerations. The First Department reached that conclusion based on findings that: (1) the cooperative's certificate of incorporation imposed

3

"restrictions on the use, sale, and transfer of shares" in the cooperative;  (2) the City's approval was needed before the building could be sold;  (3) the City's approval was needed before a tenant could be evicted;  and (4) the City continued to have a property interest in the Building via "a right of reversion". *Id*. at 489.

None of these factors are alleged in the Complaint.  As the Court correctly noted, "there is no evidence that the state or city has a property interest in the co-op at issue, or that defendant needed the permission of the HPD commissioner to reject an applicant for admission to the co-op." *See*, Exhibit "D" at p. 11.

As a private actor does not become a state actor based on allegations that it is licensed or regulated by the government, the Complaint must be dismissed. *Fabrikant*, *supra*, 691 F.3d at 207.

## POINT II

## REASONABLE ATTORNEYS' FEES SHOULD BE AWARDED

Finally, the Defendant moved to recover its reasonable attorneys' fees in defending this action, including the cost of defending against the Plaintiff's motion and making this motion.

As noted above, the Plaintiff has known that its Complaint was not supported by law at least since August 28, 2018 – the date of the Order. Instead of discontinuing, Plaintiff forced the Defendant – a low income housing cooperative – to expend its limited resources not only to oppose the initial motion, but to bring this motion to dismiss.

42 U.S.C. §1983 permits a "prevailing party" to recover "a reasonable attorneys' fees as part of the costs." See, 42 U.S.C. §1988(b). A District Court's "choice of rates [is] well within [its] discretion." *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir.1994). The hourly rate to be awarded an attorney is a factual question to be reviewed for abuse of discretion. *Green v. Torres*, 361 F.3d 96 (2d Cir. 2004). Indeed the Supreme Court has held that "[w]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, Plaintiff knew, or should have known, that his action lacked legal merit. Even if he did not know at the time the Complaint was filed, he knew prior to forcing the Defendant to bring this motion and to expend its limited resources in doing so. As a result, it is respectfully requested that fees be awarded to the Defendant for having to defend this action.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that, pursuant to FRCP 12(b)(1), the Court grant the instant motion to dismiss the Complaint and to award attorneys' fees to the Defendant.

Dated:   New York, New York
         December 5, 2019

>                              BRAVERMAN GREENSPUN, P.C.
>
>                         By:  _____
>                              Andreas E. Theodosiou
>                              *Attorneys for the Defendant*
>                              110 42nd Street, 17th Floor
>                              New York, New York 10017
>                              (212) 682-2900

4839-2038-4386, v. 1